**HUANG LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.[1]**

No. 08–3498–ag.

United States Court of Appeals, Second Circuit.

April 15, 2009.

Vincent S. Wong, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Lauren Ritter, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Huang Lin, a native and citizen of China, seeks review of a June 24, 2008 order of the BIA affirming the July 12, 2006 decision of Immigration Judge ("IJ") Barbara Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huang Lin,* No. A98 255 799 (B.I.A. Jun. 24, 2008), *aff'g* No. A98 255 799 (Immig. Ct. N.Y. City Jul. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Because Lin failed to challenge before the BIA the IJ's finding that he failed to demonstrate past persecution, we will not consider any such argument raised in this Court in the first instance as it is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1, 122 (2d Cir.2007). Absent past persecution, an applicant may establish eligibility for asylum by showing that he subjectively fears persecution on account of an enumerated ground and that his fear is objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Substantial evidence supports the agency's finding that Lin failed to establish that he had an objectively reasonable fear of returning to China. The agency reasonably found that while background information indicated that there may be a practice or pattern of persecution of Catholic priests and leaders in China, there was nothing to establish that there is such a practice or pattern of members of the Catholic Church like Lin.[2] Further, the agency properly relied on a letter from Lin's mother, which stated that "everything is fine now." Although Lin argues in his brief to this

Court that the agency erred in relying on this statement, the agency reasonably found that the letter undermined his claim. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006). Indeed, the statement corroborated Lin's testimony that his mother told him that the police had stopped looking for him. Despite Lin's argument that the agency misconstrued the letter, no reasonable adjudicator would be compelled to conclude to the contrary. *See Corovic,* 519 F.3d at 95.

Because Lin was unable to establish the objective likelihood of persecution required to meet his burden of proof for asylum, his withholding of removal and CAT relief claims necessarily fail.[3] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** In his brief to this Court Lin argues that the BIA should have considered the 2006 and 2007 State Department reports regarding persecution of Catholics in China. While the BIA may take judicial notice of official reports that were not part of the record before the IJ, *see* 8 C.F.R. § 1003.1(d)(3)(iv), these State Department reports clearly do not contradict the IJ's findings. Accordingly, the BIA did not err in failing to include a discussion of the reports in its decision. *See Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (concluding that "where the BIA has given reasoned consideration to the petition, and made adequate find-

ings, it [need not] expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)).

**3.** While Lin does not specifically address withholding of removal and CAT relief in his brief, he does challenge the agency's finding that he failed to establish a well-founded fear, which was dispositive of each of his claims. Thus, we do not dispose of these claims of waiver grounds. *Cf. Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).